Case 4:26-cv-00987   Document 7   Filed 03/13/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MAXIMO DE JESUS AGUILAR NUNEZ,** § § | |
| Petitioner, § § | |
| VS. § | CIVIL ACTION NO. 4:26-CV-00987 |
| § | |
| **GRANT DICKEY,** *et al.*, § § | |
| Respondents. § § | |

## ORDER

Before the Court is Petitioner Maximo De Jesus Aguilar Nunez's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I. BACKGROUND

The parties do not dispute the following facts. Maximo De Jesus Aguilar Nunez is a citizen of El Salvador who entered the United States without inspection on September 7, 2006, over nineteen years ago. ECF No. 1 at ¶ 8-9. Aguilar Nunez is a father of one child who is a legal permanent resident and a stepfather to two U.S. citizen stepchildren. *Id*. at ¶ 15. He has no criminal record. *Id*. at ¶ 14.

On February 1, 2026, Petitioner was detained my Immigration and Customs Enforcement (ICE) and taken into immigration custody. *Id*. at ¶ 2. He was issued a Notice to Appear (NTA) in

removal proceedings before an Immigration Judge (IJ) under § 240 of the Immigration and Nationality Act (INA). ECF No. 5, Exh. 1 (NTA). Petitioner is currently detained at the Joe Corely Detention Center in Conroe, Texas.

The NTA charged Petitioner with being subject to removal under INA § 212(a)(6)(A)(1) as "an alien present in the United States without being admitted or paroled." *Id.* Petitioner intends to pursue cancellation of removal on the basis that he has been "has been physically present in the United States for a continuous period of not less than 10 years," "has been a person of good moral character during that period," has not been convicted of a disqualifying criminal offense, and has qualifying relatives who would suffer "exceptional and extremely unusual hardship" in his absence. 8 U.S.C. § 1229b(b)(1). His removal proceedings are ongoing.

## II.    ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, No. 4:26-CV-00798, ECF No. 13 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the same reasons articulated in that case, the Court reaches the same conclusion here. Because the Court agrees with Petitioner that his ongoing detention violates the Due Process Clause, it declines to address his additional arguments.

### III.    CONCLUSION

For the same reasons previously articulated in *Salvador Rodriguez*, the Court concludes that "the appropriate remedy [for the violation of Petitioner's due process rights] is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that 'continued detention is needed to prevent [Petitioner]] from fleeing or harming the community.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213-14 (3d Cir. 2020)). Other courts addressing similar circumstances have ordered the same or similar remedies. *E.g., Armando Gomez Hernandez, v. ICE Field Off. Dir., El Paso, Texas et al*, No. EP-26-CV-67-KC, 2026 WL 503958, at *3 (W.D. Tex. Feb. 23, 2026) (ordering bond hearing where government bears the burden to prove flight risk or danger by clear and convincing evidence); *Rodriguez v. Bondi*, No. EP-26-CV-00292-DB, 2026 WL 523055, at *2 (W.D. Tex. Feb. 25, 2026) (same); *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (ordering immediate release).

The Court therefore **ORDERS** as follows.

1. Respondents must provide Petitioner with a bond hearing before an IJ at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. **Respondents must provide this hearing within five (5) days, or else release Petitioner.**
2. Respondents must file an advisory with the Court **on or before March 20, 2026**, informing the Court of the result of the hearing and Petitioner's custody status.

The Court further **ORDERS** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before March 30, 2026.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on March 13, 2026.

Keith P. Ellison
United States District Judge